TRINA A. HIGGINS, United States Attorney (#7349)
JOEY L. BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSH BOWDEN,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br>Case No 2:23-CR-00376-TC |

☐    The United States is not seeking detention.

☒    The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒    Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☒    **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐    **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐    **(C)** an offense for which a maximum term of imprisonment of 10 years or

 more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

  **OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

 ☒ **(A)** a serious risk the defendant will flee; **or**
 ☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

 The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it

retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including,

but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:
☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.
☐  The defendant's significant family or other ties outside of the United States.
☐  The defendant's use of aliases or false documents.
☐  The defendant's prior attempts to evade law enforcement.
☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐  The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

While defendant has no significant criminal history, the weight of the evidence strongly supports the charges that defendant intended to orally and anally rape an 11-year-old boy together with another adult male.   Fortunately, unbeknownst to defendant, the person to

4

whom defendant was communication was actually undercover law enforcement (the "UC"). When defendant arrived to molest the child, he was arrested.

The details of defendant's offense underscore the danger he poses to the community:

D was visiting Orem from Dallas, Texas. On Sept 28, 2023, he contacted the UC on a dating app. The UC was posing as a father molesting his son. Defendant quickly established his sexual interest in young boys, saying his age range is 5 and up but his favorite is "like 12" and "I love 7-12." He also indicated that he had a drive full of child pornography:

D: Yo
D: What's up
UC: Just looking for other pervs
D: Anything young
D: Boy on boy is hot
D: I have a drive of vids
D: Wbu?
UC: Love yung
UC: What's your age range?
D: 5 and up
D: Fav is like 12
D: Barely getting hair
D: Yeah I love 7-12

At this point, UC disclosed that the UC had an 11-yo son he was molesting and D's response was "We should hang. I've never had the chance to play with one." The UC indicated that he had shared the 11yo before and D said "I'm down" and that he would happily make the trip to West Valley for the opportunity.

UC: You active?
D: Don't know any
D: U?
UC: Yeah with my 11-year-old son
D: That's hot af
UC: Step son
UC: And yeah it's so hot
D: I'm jealous
UC: His dad is gone for work so I got us a hotel room to play in (emoji)
D: We should hang
D: I've never had the chance to actually play with one, only vids
UC: For sure!
UC: I've shared him a couple time i f your down

D: When?
D: I'm down
D: Address?
UC: Were in west valley. If that's too far, no worries
UC: What do you wanna do to him
D: I'm make the trip

Defendant made it clear that he wanted to engage in oral and anal sex with the child, and also asked for a naked picture of the child. Defendant was concerned the meet up wasn't real, as he said he had tried this before but when he arrived no one answered the door. He also made it clear he knew what he was doing was illegal, as he wanted to be sure it wasn't a "set up."

D: Suck him and anything else u want me to
UC: I love to watch
D: Any pix of him?
UC: Do anything you want
UC: Suck him how
D: He get fucked?
UC: Yeah I top him
D: I'd love that
UC: You want to?
D: He got a nice dick?
D: Yes!!!!!
UC: Oh yeah
UC: You clean? You can use a condom
D: I'm clean on prep, but condom is fine
UC: Yeah bring a few (emoji)
D: Address?
UC: We're at a hotel
UC: Hang on I'll get it
D: I hope u r real, cuz I've made a trip before, got there and nobody answer the door
UC: Just wanna be sure your legit. Not looking for fantasy talk so if this is a fantasy then we can go our separate ways
UC: Lol
D: I really want to
UC: Hell yeah
UC: How far from west valley
UC: We're out to dinner
D: I'm in provo orem
D: Dunno where west valley is, in town from dallas
UC: Your probably 30 mins away by car

6

D: Cool
D: Will you send me a naked pic of him? Faceless
UC: No pics sorry man, I keep everything very strict and very discreet so I don't get caught
D: Wanna be sure it isn't a setup
UC: Well how do I know you're not a set up
UC: You seem legit so I'm trusting you
D: I'll show u my dick in a video if u want
UC: Nah save it for in person (emoji)
D: When can I come


Defendant made arrangements to meet that night. He arrived in an Uber, went to the meeting location, and was arrested. He had a laptop, a cellphone, smartwatch, and a box of condoms.

There is no question that defendant is the person speaking to the UC about raping the child – post -Miranda, defendant admitted he was the person speaking to the UC. He claimed that he didn't believe the child was real, but was "bored in his hotel room" and "wanted something to do" so he took an Uber all the way from Orem to West Valley.

During the interview, defendant denied any sexual attraction to children. However, a consent search was performed on defendant's phone and child pornography was found – including images depicting prepubescent children engaged in sex acts.

Defendant made plans to rape a child and showed up at the meeting and admitted that he had done this before, but no one answered the door when he arrived. He does not live in Utah and was visiting from Dallas. There is no conditions or combination of conditions that would ensure the safety of the community and or defendant's appearance for court hearings, and defendant should be detained.

DATED this 25th day of October, 2023.

*/s/ Joey L. Blanch*
Joey L. Blanch
Assistant United States Attorney